1   Robert L. Starr (State Bar Number 183052)
    **THE LAW OFFICE OF ROBERT L. STARR**
2   email: starresq@hotmail.com
    23277 Ventura Boulevard
3   Woodland Hills, California 91364-1002
    Telephone: (818) 225-9040
4   Facsimile: (818) 225-9042

5   Payam Shahian (State Bar Number 228406)
    **STRATEGIC LEGAL PRACTICES, APC**
6   email: pshahian@slpattorney.com
    1875 Century Park East, Suite 700
7   Los Angeles, California 90067
    Telephone: (310) 277-1040
8   Facsimile: (310) 943-3838

9   Matthew R. Mendelsohn (awaiting pro hac vice)
    email: mmendelsohn@mskf.net
10  David A. Mazie (awaiting pro hac vice)
    email: dmazie@mskf.net
11  **MAZIE SLATER KATZ & FREEMAN, LLC**
    103 Eisenhower Parkway
12  Roseland, New Jersey 07068
    Telephone: (973) 228-9898
13  Facsimile: (973) 228-0303

14  Attorneys for Plaintiff DAVID J. KEEGAN

15              **UNITED STATES DISTRICT COURT**

16      **CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

FILED
CLERK, U.S. DISTRICT COURT
DEC 1 0 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

| | |
|---|---|
| DAVID J. KEEGAN, individually, and on behalf of a class of similarly situated individuals,<br><br>     Plaintiff,<br><br>    v.<br><br>AMERICAN HONDA MOTOR CO., INC., HONDA NORTH AMERICA, INC., HONDA OF AMERICA MANUFACTURING, INC., HONDA MANUFACTURING OF ALABAMA, LLC, HONDA ENGINEERING NORTH AMERICA, INC., AND HONDA MOTOR COMPANY, LTD.,<br><br>    Defendants. | Case Number:<br>**CV10·09508**MMN(AJW)<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Violations of California Consumer Legal Remedies Act**<br><br>**(2) Violations of Unfair Business Practices Act – Secret Warranty**<br><br>**(3) Violations of Unfair Business Practices Act**<br><br>**(4) Fraud**<br><br>**JURY TRIAL DEMANDED** |

Case No.:

## INTRODUCTION

1.      Plaintiff DAVID J. KEEGAN ("Plaintiff") brings this action individually and on behalf of all similarly situated persons ("Class Members") who purchased or leased certain defective Honda Civic vehicles that were designed, manufactured, distributed, marketed, sold, and leased by Defendants, American Honda Motor Co., Inc., Honda North America, Inc., Honda of America Manufacturing, Inc., Honda Manufacturing of Alabama, LLC, Honda Engineering North America, Inc. and Honda Motor Company, Ltd. (collectively "Honda" or "Defendant").

2.      Defendant designed, manufactured, distributed, marketed, sold, and leased model year 2006 through 2007 Honda Civic and 2006 through 2008 Honda Civic Hybrid vehicles ("Class Vehicles" or "Vehicles") to Plaintiff and Class Members.

3.      Beginning in 2006, if not before, Defendant knew or should have known that the Class Vehicles contain one or more design and/or manufacturing defects, including but not limited to defects contained in the Class Vehicles' rear upper control arms.

4.      The defect at issue affects the alignment/geometry of the Class Vehicles' rear suspension.  As a result of this defect, the Class Vehicles are or become (among other things) misaligned, and as a result, the rear tires wear unevenly and prematurely, causing the occupants to experience an extremely rough ride, as well as exceptionally loud and disruptive noise, while driving the Class Vehicles ("the suspension defect" or "the rear suspension defect").

5.      The Class Vehicles present a safety hazard and are unreasonably dangerous to consumers.  Tires are one of the most important mechanical components for vehicle control and safe driving.  This is because a driver has only three ways to control a car: braking, accelerating, or steering.  Each of these is

1  dependent upon rolling friction with the ground beneath the wheels, and the only

2  contact the vehicle has is through its tires.[1]

3       6.     The Class Vehicles present a safety hazard and are unreasonably

4  dangerous to consumers because uneven and premature tire wear can have serious

5  consequences on handling, steering, stability, and braking of the Class Vehicles

6  while in operation.  For example, as a result of the suspension defect, the Class

7  Vehicles tread wear becomes uneven and can cause catastrophic tire failure.  This

8  is because more pressure is being applied to one side of the tire then the other.

9  This results in excessive tire heat due to uneven vehicle weight distribution, which

10 can cause uneven tire wear and other problems.  When this occurs, the suspension

11 defect can suddenly and unexpectedly cause tire failure while the vehicle is in

12 operation, thereby contributing to car accidents, which can cause personal injury

13 or death.[2]

14      7.     In addition to these safety hazards, the cost to repair the suspension

15 defect and the damage that it causes (*i.e.*, the cost of replacement tires) can be

16 exorbitant because consumers will be required to pay hundreds, if not thousands,

17 of dollars both to repair the suspension defect and to prematurely replace the

18 damaged tires.  Indeed, as a result of the suspension defect, the tires must

19 frequently be replaced prematurely, in many cases after less than 20,000 miles.

---

[1] *See e.g.*, http://www.oregon.gov/OSP/PATROL/
safety_tip_tire_safety.shtml.

[2] The Class Vehicles are also unsafe because the Suspension Defect results
in the tires equipped on the Class Vehicles not complying with the Federal motor
Vehicle Safety Standards (FMVSS).  FMVSS 571.109 establishes the tire
dimensions and laboratory test requirements for passenger vehicle tires.  Section
S4.2.1(d) requires tires to incorporate a tread wear indicator that will provide a
visual indication that the tire has worn to a tread depth of 1/16 inch.  Due to the
fact that the tires equipped on Class Vehicles experience uneven wear along the
width of the tire, a tire wear indicator will not accurately reflect the depth of the
remaining tire tread along the entire width of the tire.

8.     Plaintiff is informed and believes and based thereon alleges that Defendant knew or should have known that the Class Vehicles are defective and not fit for their intended purpose of providing consumers with safe and reliable transportation.  Nevertheless, Defendant has actively concealed and failed to disclose this defect from Plaintiff and the Class Members at the time of purchase or lease and thereafter.

9.     Plaintiff is also informed and believes and based thereon alleges that as the number of consumer complaints about the suspension defect increased, in 2009, Defendant issued a secret technical service bulletin ("TSB") to only its dealers acknowledging the suspension defect.  In this TSB, Defendant implemented cheaper, albeit temporary, fixes: namely, installing a new "rear upper control arm kit," replacing "the flange bolts and the worn tires," and "a four-wheel alignment to the new specification listed in REPAIR PROCEDURE." ("suspension modification").

10.     The control arm maintains control over the tires and the alignment by controlling the upward and downward motion and the pitch for the alignment. Upon information and belief, the original rear upper control arms installed on the Class Vehicles were too short and caused misalignment.  As a result, Honda released this secret bulletin to replace the rear upper control arms with longer upper control arms illustrated here:



Case No.                                      Page 3

1          11.    Plaintiff is informed and believes and based thereon alleges that

2  Honda's suspension modification is only a temporary fix that will last only long

3  enough to ensure that the manifestation of the suspension defect occurs outside

4  of the vehicle's express warranty. Thus, the suspension modification ultimately

5  leaves consumers with defective vehicles that continue to suffer from the

6  suspension defect, the need for costly repairs, as well as the associated safety

7  hazards.

8          12.    Plaintiff is also informed and believes and based thereon alleges that

9  Defendant is aware that the suspension modification does not fix the defect.

10  Rather, Defendant has implemented this temporary fix to prolong the amount of

11  time that will elapse before the suspension defect manifests itself, thus helping

12  ensure that the suspension defect occurs outside of the warranty period so that

13  Defendant can easily and unfairly shift financial responsibility for the suspension

14  defect to Class Members.

15         13.    While Honda's 2009 TSB appears to be directed to only those

16  vehicles that are covered under warranty, Plaintiff is informed and believes and

17  thereon alleges that the 2009 TSB is strictly limited to the most persistent

18  customers and only those who visit Honda's dealers and complain loudly enough

19  about the suspension defect problem, regardless of whether or not their vehicles

20  are covered by Honda's express warranty.

21         14.    Indeed, the 2009 TSB advises Honda dealers that "repairs performed

22  after warranty expiration may be eligible for goodwill consideration by the

23  District Parts and Service Manager or your Zone Office." Plaintiff is informed

24  and believes and based thereon alleges that Defendant implemented this

25  clandestine program to secretly offer "goodwill" payments to reimburse or pay

26  for repair costs of those Class Vehicles that suffer from the suspension defect

27  and the related damage that it causes (*e.g.*, replacement tires), even when the

28

1  suspension defect and the related damage that it causes occurs outside a Class

2  Vehicle's 3-year/36,000-mile express warranty period.

3      15.    Moreover, while the Class Vehicles' new-car warranty does not

4  normally cover tires or any alignment adjustments, the 2009 TSB informs dealers

5  that "customers who had tires previously replaced due to wear, and whose

6  vehicle is eligible for rear upper control arm replacement" are "eligible for

7  reimbursement of a prorated portion of their expense" as long as they have

8  properly maintained their tires, there are no signs of abuse, and their tires show

9  signs of diagonal and edge wear and fall within the abnormal wear range.

10     16.    Plaintiff is informed and believes and based thereon alleges that

11  despite notice of the defect from numerous consumer complaints and dealership

12  repair orders, Defendant has not recalled the Class Vehicles to repair the defect,

13  has not offered its customers a suitable repair or replacement free of charge, and

14  has not offered to reimburse the Class Vehicles' owners and leaseholders the

15  costs they incurred relating to diagnosing and repairing the suspension defect

16  and the related damage that it causes.

17     18.    Honda knew and concealed the suspension defect that is contained

18  in every Class Vehicle, along with the attendant dangerous safety problems and

19  associated repair costs, from Plaintiff and Class Members both at the time of sale

20  and repair and thereafter.  Had Plaintiff and the Class Members known about

21  these defects at the time of sale or lease, Plaintiff and the Class Members would

22  not have purchased the Class Vehicles or would have paid less for them.  As a

23  result of their reliance on Defendant's omissions and/or misrepresentation,

24  owners and/or lessees of the Class Vehicles have suffered ascertainable loss of

25  money, property, and/or loss in value of their Class Vehicles.

26     19.    Additionally, as a result of the suspension defect contained in the

27  Class Vehicles, Plaintiff and the Class Members have been harmed and have

28  suffered actual damages in that the Class Vehicles and their tires are

Case No.                              Page 5

CLASS ACTION COMPLAINT

1  experiencing premature and uneven tire wear and/or are substantially certain to
2  experience premature and uneven tire wear before their expected useful life has
3  run.

## PARTIES

4

5  **Plaintiff**:

6      20.    Plaintiff DAVID J. KEEGAN is a California citizen who lives in
7  Dublin, California. Mr. Keegan purchased a new 2007 Honda Civic from Dublin
8  Honda, in Dublin, California on or about April 2007.  Mr. Keegan purchased
9  this vehicle primarily for his personal, family, or household purposes.  This
10 vehicle was designed, manufactured, sold, distributed, advertised, marketed, and
11 warranted by Honda, and bears the Vehicle Identification No.
12 1HGFA16857L069772.

13     21.    Following his purchase of the Vehicle, with less than 25,000 miles
14 on the Vehicle's tires, Plaintiff noticed that his rear tires were wearing unevenly
15 and prematurely and subsequently paid to replace all four tires for approximately
16 $397.65. Plaintiff then began to experience the same type of uneven and
17 premature tire wear with less than 20,000 miles on his second set of tires and
18 subsequently paid several hundred dollars to replace all four of his second set of
19 tires. With less than 25,000 miles on his third set of tires, Plaintiff again began
20 to experience the same type of uneven and premature tire wear and as a result
21 paid several hundred dollars more to replace all four of his third set of tires.

22     22.    Prior to replacing his second set of tires, Plaintiff complained to
23 Honda about the suspension defect. Honda refused to pay or reimburse Plaintiff
24 for the costs associated with replacing the prematurely and unevenly worn tires
25 on Plaintiff's Vehicle—even though the premature and uneven tire wear
26 experienced by Plaintiff was attributable to the defect contained in the Vehicles.

27     23.    At all times, Plaintiff, like all Class Members, has driven his vehicle
28 in a foreseeable manner and in the manner in which it was intended to be used.

1   **Defendants**:

2       24.    Defendants, Honda Motor Company, Ltd., American Honda Motor

3   Co., Inc., Honda North America, Inc., Honda of America Manufacturing, Inc.,

4   Honda Manufacturing of Alabama, LLC, and Honda Engineering North

5   America, Inc. are automobile design, manufacturing, distribution, and/or

6   servicing corporations doing business in all 50 states. Defendants design,

7   manufacture, distribute, market, service, repair, sell and lease passenger vehicles,

8   including the Class Vehicles, nationwide.

9       25.    Honda Motor Company, Ltd., 1-1, 2-chome, Minami-Aoyama,

10   Minato-ku, Tokyo 107-8556, Japan, is an automobile design, manufacturing,

11   sale, leasing, distribution, and servicing corporation organized under the laws of

12   Japan. Honda Motor Company, Ltd. is the parent and owns 100% of American

13   Honda Motor Co., Inc., Honda North America, Inc., Honda of America

14   Manufacturing, Inc., Honda Manufacturing of Alabama, LLC, and Honda

15   Engineering North America, Inc. These defendants design, manufacture,

16   distribute, market, service, repair, sell, and lease passenger vehicles, including

17   the Class Vehicles, throughout the United States.

18       26.    American Honda Motor Co., Inc. has its principal place of business

19   at 1919 Torrance Boulevard, Torrance, California 90501-2746. Honda North

20   America, Inc. has its principal place of business at 700 Van Ness Avenue,

21   Torrance, California 90501-1486. Honda of America Manufacturing, Inc. has its

22   principal place of business at 4000 Honda Parkway, Marysville, Ohio 43040.

23   Honda Manufacturing of Alabama, LLC has its principal place of business at

24   1800 Honda Drive, Lincoln, Alabama 35096-5107. Honda Engineering North

25   America, Inc. has its principal place of business at 24000 Honda Parkway,

26   Marysville, Ohio 43040-9251.

27   **JURISDICTION**

28       27.    This is a class action.

1   28.   This Court has jurisdiction over this action under the Class Action

2   Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class

3   members exceed the sum value of $5,000,000, exclusive of interests and costs.

4                               **VENUE**

5   29.   Venue is proper in this District under 28 U.S.C. § 1391 because at

6   least one Defendant resides in this District and a substantial part of the events or

7   omissions giving rise to Plaintiff's claims occurred in this District. Plaintiff's

8   counsel's Declaration, as required under California Civil Code section 1780(d),

9   which reflects that at least on Defendant resides in this district and that a

10  substantial part of the events or omissions giving rise to the claims alleged herein

11  occurred, or a substantial part of property that is the subject of this action, is

12  situated in Los Angeles County, California, is attached as Exhibit 1.

13                          **APPLICABLE LAW**

14  30.   California State law applies to all claims.

15                        **FACTUAL ALLEGATIONS**

16  32.   For years, Honda has designed, manufactured, distributed, sold, and

17  leased the Class Vehicles. Upon information and belief, it has sold, directly or

18  indirectly through dealers and other retail outlets, tens of thousands of Class

19  Vehicles in California and nationwide.

20  33.   The Class Vehicles and the rear suspension of the Class Vehicles are

21  defective, including but not limited to defects contained in the rear control arm

22  of the Class Vehicles.

23  34.   The defect at issue affects the alignment/geometry of the rear

24  suspension of the Class Vehicles. As a result of this defect, the Class Vehicles

25  are, or become (among other things) misaligned and, as a result, the rear tires

26  wear unevenly and prematurely, causing the occupants to experience an

27  extremely rough ride, as well as exceptionally loud and disruptive noise, while

28  driving the Class Vehicles.

1       35.    Plaintiff is informed and believes and based thereon alleges that
2   Honda acquired its knowledge of the suspension defect through sources not
3   available to Class Members, including but not limited to pre-release testing data,
4   early consumer complaints about the suspension defect to Honda and its dealers
5   who are its agents for vehicle repairs, testing conducted in response to those
6   complaints, aggregate data from Honda's dealers, and from other internal
7   sources.

8       36.    Honda has a duty to disclose the suspension defect and the
9   associated repair costs to Class Vehicles owners, among other reasons, because
10  the defect poses an unreasonable safety hazard; because Honda had and has
11  exclusive knowledge or access to material facts about the Class Vehicles' and
12  their rear suspension that were and are not known or reasonably discoverable by
13  Plaintiff and Class Members; and because Honda has actively concealed the
14  suspension defect from its customers.

15      37.    Hundreds, if not thousands, of purchasers and lessees of the Class
16  Vehicles have experienced the suspension defect. Complaints filed by
17  consumers with the NHTSA and posted on the Internet demonstrate that the
18  defect is widespread and dangerous. The complaints also indicate Honda's
19  awareness of the defect and how potentially dangerous the defective condition is
20  (note that spelling and grammar mistakes remain as found in the original):

21          &bull;  NHTSA Complaint: 2006 HONDA CIVIC. CAR WAS MAKING
22             LOUD NOISE, BUT I COULDN'T TELL WHERE IT WAS
               COMING FROM (EXCEPT SOMEWHERE UNDERNEATH)
23             KIND OF A GRINDING NOISE. I PURCHASED NEW TIRES
24             ABOUT 12 MONTHS AGO, BECAUSE THE TRIES FROM THE
               FACTORY WEREN'T GOOD IN THE SNOW (OR SO I
25             THOUGHT). I TOOK IT TO THE DEALER AND THEY SAID I'D
26             NEED REAR CONTROL ARMS AND NEW TIRES, BECAUSE
               THE TIRES WERE VERY WORN. IT'S A 2006 CIVIC AND
27             ABOUT 10,000 MILES ON THOSE TIRES. THE WHOLE THING
28             IS GOING TO COST ME ALSMOST $1,000.00 BUT THE GUY

Case No.                            Page 9

1   AT THE DEALER SAID "WELL, YOU GET A $50.00 REBATE
    FOR THE TIRES" OH BOY!! IT ISN'T UNDER WARRANTY
2   ANYMORE EITHER OF COURSE. I WILL BE CONTACTING
3   HONDA USA TO TALK TO THEM. BUT HAVE SEEN FROM
    THIS WEBSITE THAT IT WON'T DO ANY GOOD, BUT I STILL
4   HAVE TO TRY. I AM DISGUSTED WITH THIS AS I BOUGHT
5   A HONDA BECAUSE THEY HAVE SUCH GLOWING
    RELIABILITY AND SAFETY REPORTS. I HAD ONE
6   ACCIDENT (REAR ENDED), NOT WITH THIS CAR ALSO NOT
7   MY FAULT AND I DO NOT WANT TO HAVE ANOTHER!! I
    WILL BE KEEPING THE PARTS AND THE TIRES WHEN I GET
8   IT DONE.

9

10     ● NHTSA Complaint: 2006 HONDA CIVIC. THE CONTACT
         OWNS A 2006 HONDA CIVIC LX. WHILE DRVING 60 MPH
11       THE VEHICLE STARTED TO SHAKING IN THE REAR. HE
         PULLED OVER TO THE SHOULDER OF THE ROAD AND
12       NOTICED THAT THE PASSENGER SIDE REAR TIRE WAS
13       DAMAGED. THE VEHICLE WAS TOWED TO A TIRE
         COMPANY. THE TIRE WAS REPLACED AND ALIGNED.
14       ELEVEN MONTHS LATER, THE IDENTICAL. FAILURE
15       OCCURRED ON THE REAR TIRE. THE TIRE WAS REPLACED
         AND THE VEHICLE WAS ALIGNED. HE STATED THAT THE
16       FAILURE HAPPEN AGAIN ELEVEN MONTHS LATER AND HE
17       TOOK THE VEHICLE TO THE DEALER. THE DEALER
         ADVISED HIM THAT THRE REAR UPPER CONTROL ARM
18       NEEDED REPLACING. THE VEHICLE HAS NOT BEEN
19       REPAIRED. THE FAILURE MILEAGE APPROXIMATELY 8,000
         AND T THE CURRENT MILEAGE WAS 75,000.
20

21     ● NHTSA Complaint: 2006 HONDA CIVIC. THE CONTACT
         OWNS A 2006 HONDA CIVIC. THE CONTACT STATED THE
22       REAR UPPER CONTROL ARMS ARE CAUSING THE TIRES TO
23       CUP AND WEARS RAPIDLY AT 15,000. THIS IS A KNOWN
         DESIGN FLAW THAT THE MANUFACTURER HAS
24       RECOGNIZED IN THE TSB (NHTSA # 10024657). THE
25       CONTACT CALLED THE MANUFACTURER REGARDING THE
         CONTROL ARMS AND STATED THEY REFUSE TO HANDLE
26       THE COST OF THE REPAIRS. THE CONTACT STATED THIS
27       IS A MAJOR SAFETY ISSUE THAT THE MANUFACTURER IS
         IGNORING. THE FAILURE MILEAGE WAS 67,000.
28

Case No.                          Page 10

1

2 • NHTSA Complaint: 2006 HONDA CIVIC. I'VE HAD A
PROBLEM WITH THE REAR TIRES WEARING OUT QUICKLY

3 AND VIBRATIONS WHEN TRAVELING ABOVE 50 MPH.
YESTERDAY THE RIGHT REAR TIRE SEPERATED AND

4 STATED SMOKING. I CHANGED THE TIRE AND TOOK THE

5 CAR IN AND THE OTHER REAR TIRE HAD VEY UNUSUAL
WEAR TO THE BELT ON THE INNER PART. THE SAME

6 PLACE THE OTHER TIRE SEPERATED. IN LOOKING THIS UP

7 ON THE INTERNET IT SEEMS TO BE A COMMON PROBLEM
WITH THE HONDA CIVICS AND THRE REAR ALIGNMENT

8 BEING DEFECTIVE. THIS SHOULD BE INVESTIGATED

9 BEFORE SOMEONE, IF NOT ALREADY, IS KILLED BY SUCH
PROBLEM.

10

11 • NHTSA Complaint: 2006 HONDA CIVIC. 2006 HONDA CIVIC
EX 4 DOOR SEDAN. PROBLEM WITH THE REAR UPPER

12 CONTROL ARMS. I WAS DRIVING THE CAR, AND NOTICED

13 SUDDENLY THAT THE TIRES START MAKING HORRIBLE
NOISES. ALMOST SOUNDING AS IF I HAD A FLAT TIRE.

14 THE EFFECT ON DRIVING WAS VERY BAD CONTROL AND

15 STEERING WAS EFFECTED, I CHECKED THE TIRES, BUT
DIDN'T NOTICE ANYTHING SPECFIC EXCEPT FOR WEAR

16 ISSUES. TAKING IT IN TO HONDA, THEY SADI THAT "NO

17 ONE COULD FIX THE PROBLEM EXCEPT FOR HONDA".
THEY SAID THAT A "NEW, UPDATED PART" HAD BEEN

18 RELEASED A YEAR AND A HALF AGO (WHEN MY CAR WAS

19 STILL UNDER WARRANTY) THERE WAS A TECHNICAL
SERVICE BULLETIN ISSUED, SO THE PROBLEM WAS WELL

20 KNOWN. THEY STILL HAVE NOT ISSUED A RECALL. THIS

21 IS A SERIOUS DANGER TO DRIVER SAFETY. *TR.

22 • NHTSA Complaint: 2006 HONDA CIVIC. REAR CONTROL
ARMS (CAMBER ARMS) CAUSE SEVERE INNER TIRE WEAR.

23 85,000 MILE TIRES LAST APPROXIMATELY 30,000 MILES

24 BEFORE INSIDE OF TIRES WEAR AND CUP. HONDA ISSUED
A TSB 08-011 WHICH ADDRESSES THE PROBLEM, BUT

25 HONDA REFUSED TO FIX AS A WARRANTY CLIAM UNTIL

26 RECENTLY 3/10/10 AND THEN ONLY COVERED 25% COST
OF REPAIR REAR CONTROL ARMS WERE REPLACED AND

27 ALIGNMENT COMPLETED 3/13/10. *TR.

28

Case No.               Page 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

- NHTSA Complaint:  2006 HONDA CIVIC.  REAR SUSPENSION, PREMATURE TIRE WEAR 2006 CIVIC SI.  TURNED DOWN AT DEALER EVEN WITH WARRANTY IN HAND AT ABOUT 30,000 MILES FOR REPAIR OR REPLACEMENT OF REAR CONTROL ARMS/PARTS WITHOUT PAYING OUT OF POCKET.  STATES NOT COVERED HAVE HAD THE PROBLEM SINCE AND 4 WHEEL ALIGNMENT IS NOT THE REMEDY.  NOTICE BAD CUPPING TO INNER REAR TIRES AND HARSH VIBRATIONS AND NOISE.  *TR.

- NHTSA Complaint:  2006 HONDA CIVIC.  2006 HONDA CIVIC EX 2 DOOR.  HONDA HAS A SERVICE BULLETIN FOR A BAD REAR UPPER CONTROL ARM OVER TIME TO THIS DEFECT INNER TIRE WEAR IS EXCESSIVE.  THIS CAN LEAD TO TIRE BLOW OUT.  HONDA IS ONLY REPLACING THE PART WHEN ASKED.  DUE TO THIS DEFECT I HAVE THROUGH TWO SETS OF TIRES, A BRAKE JOB AND NOW NEED A NEW WHEEL BEARING.  HONDA IS ONLY WILLING TO REPLACE THE CONTROL ARMS.  THEY ARE CHARGING FOR ALIGNMENT, WHEEL BEARING AND TIRES.  THIS REALLY SEEMS LIKE SOMETHING THAT SHOULD BE A RECALL.  TIRES ONLY LASTING 10,000 MILES BEFORE BECOMING DANGEROUS IS NOT GOOD.  *TR.

17   38.   Although Honda was aware of the widespread nature of the

18   suspension defect in the Class Vehicles, and the fact that it was the cause of

19   premature and uneven tire wear in the Vehicles, Honda took no steps to notify

20   customers of the defect or to provide any relief until 2009—approximately one

21   year after most of the Vehicles had been placed in the marketplace.  At that late

22   stage, after most of the Vehicles had already been sold or leased and many Class

23   Members had already replaced prematurely and unevenly worn tires without

24   adequate reimbursement, Honda issues a TSB to only its dealers where it began

25   to cover certain costs associated with temporary correction of the suspension

26   defect (*i.e.*, replacing the rear control arm) and, on a *pro rata* basis, began

27   providing certain  limited (albeit facially inadequate) reimbursements for

28   prematurely worn tires as follows:

American Honda will pay a prorated amount, as shown in the chart below, for replacement of *tires* due to uneven or rapid rear tire wear, based on the tire's mileage.

| Tread Depth / Miles | 0/32" | 1/32" | 2/32" | 3/32" | 4/32" | 5/32" | 6/32" or more |
|---|---|---|---|---|---|---|---|
| 0-3,500 | 100% | 100% | 100% | 75% | 50% | 50% | 0% |
| 3,501-6,500 | 100% | 100% | 100% | 75% | 50% | 50% | 0% |
| 6,501-9,500 | 100% | 100% | 100% | 75% | 50% | 25% | 0% |
| 9,501-12,500 | 75% | 75% | 75% | 50% | 50% | 0% | 0% |
| 12,501-15,500 | 75% | 75% | 75% | 50% | 25% | 0% | 0% |
| 15,501-18,750 | 50% | 50% | 50% | 50% | 25% | 0% | 0% |
| 18,751-21,750 | 25% | 25% | 25% | 0% | 0% | 0% | 0% |
| 21,751-25,000 | 25% | 25% | 25% | 0% | 0% | 0% | 0% |
| over 25,000 | 0% | 0% | 0% | 0% | 0% | 0% | 0% |

Abnormal Wear (% Covered by Honda)
Normal Wear (No Coverage by Honda)

39.   Honda's 2009 TSB, with respect to premature and uneven tire wear on the Class Vehicles, applied to all the Vehicles.

40.   Customers have reported the suspension defect in the Class Vehicles to Honda directly and through its dealers. Defendant is fully aware of the suspension defect contained in the Class Vehicles. Despite this, Defendant has actively concealed the existence and nature of the defect from Plaintiff and the Class Members at the time of purchase or repair and thereafter. Specifically, Defendant has:

> a.   failed to disclose, at and after the time of purchase or repair and thereafter, any and all known material defects or material nonconformities of the Class Vehicles, including the suspension defect and, among others, the premature tire replacement repair costs;
>
> b.   failed to disclose at the time of purchase or repair that the Class Vehicles and their rear suspension were not in good working order, were defective, and were not fit for their intended purpose; and

1

2

3

4

          c.     failed to disclose or actively concealed the fact that the Class Vehicles and their rear suspension were defective, despite the fact that Defendant learned of such defects as early as 2006, if not before.

5

6

7

    41.    Defendant has caused Plaintiff and Class Members to expend money at its dealerships or other third-party repair facilities and/or take other remedial measures related to the suspension defect contained in the Class Vehicles.

8

9

10

11

12

    42.    Defendant has not recalled the Class Vehicles to repair the suspension defect, has not offered to its customers a suitable repair or replacement of parts free of charge related to the suspension defect, and has not offered to reimburse Class Vehicle owners and leaseholders who incurred costs relating to repairs related to the suspension defect.

13

14

    43.    Class Members have not received the value for which they bargained when they purchased or leased the Class Vehicles.

15

16

    44.    As a result of the defect, the value of the Class Vehicles has diminished, including without limitation the resale value of the Class Vehicles.

17

18

19

20

21

22

23

24

25

26

    45.    Reasonable consumers, like Plaintiff, expect and assume that a vehicle's rear suspension is not defective and will not cause the tires to wear unevenly and prematurely. Plaintiff and Class Members further expect and assume that Honda will not sell or lease vehicles with known safety defects, such as the suspension defect, and will disclose any such defects to its consumers when it learns of the defect. They do not expect Honda to fail to disclose the suspension defect to them, to continually deny the defect, or to attribute the suspension defect to normal wear and tear of the tires, Class Members' driving habits, Class Members' failure to properly maintain and rotate their tires, among other factors.

27

28

    46.    Class Members also do not expect Honda to charge them hundreds, and in many instances thousands, of dollars to replace all or part of their rear

1   suspensions with defective parts that are only temporary fixes that will only

2   delay manifestation of the problem.

3       47.     Specifically, Honda has caused Class Members to expend money at

4   its dealerships to repair or replace the Class Vehicles' rear suspension, despite

5   Honda's knowledge of the defect.  Moreover, where Honda replaced the Class

6   Vehicles' defective rear suspension at its dealerships, Defendant utilized equally

7   defective parts such that the defect was not corrected even though Defendant

8   informed consumers that the defect was corrected.

9                **TOLLING OF THE STATUTE OF LIMITATIONS**

10      48.     Because the defects in the design or manufacturer of the Class

11   Vehicles and their rear suspension cannot be detected until the defect manifests

12   itself, Plaintiff and the Class Members were not reasonably able to discover the

13   problem until after purchasing or leasing the Class Vehicles, despite their

14   exercise of due diligence.

15      49.     Plaintiff and the Class Members had no realistic ability to discern

16   that the Class Vehicles and their suspension are defective until the experienced

17   the uneven and premature tire wear.  In addition, despite their due diligence,

18   Plaintiff and the Class Members could not reasonably have been expected to

19   learn or discover that they were deceived and that material information

20   concerning the Class Vehicles and their rear suspension was concealed from

21   them.  Therefore, the discovery rule is applicable to the claims asserted by

22   Plaintiff and the Class Members.

23      50.     In addition, even after class members contacted Honda and/or its

24   authorized agents for vehicle repairs in California concerning the defective

25   nature of the Class Vehicles, Plaintiffs and Class Members were routinely told

26   by Honda and/or through its authorized agents for vehicle repairs that the Class

27   Vehicles are not defective and that their uneven and premature tire wear was

28   attributable to causes other than the defects in the Class Vehicles such as, for

Case No.                                    Page 15

1   example, high or low tire pressure, failure to maintain or rotate tires, or poor
2   driving behaviour.

3       51.    Any applicable statute of limitation has therefore been tolled by
4   Honda's knowledge, active concealment, and denial of the facts alleged herein.
5   Honda is further estopped from relying on any statute of limitation because of its
6   concealment of the defective nature of the Class Vehicles and their rear
7   suspension.

8                        **CLASS ACTION ALLEGATIONS**

9       52.    Plaintiff brings this lawsuit as a class action on behalf of himself and
10   all others similarly situated as members of the proposed Plaintiff Class pursuant to
11   Federal Rules of Civil Procedure 23(a), (b)(3), and/or (b)(2).  This action satisfies
12   the numerosity, commonality, typicality, adequacy, predominance, and superiority
13   requirements of those provisions.

14       53.    The Class and Sub-Class are defined as:

15   Class:    All purchasers and lessees of any 2006 through 2007
16             Honda Civic and 2006 through 2008 Honda Civic
             Hybrid vehicles who reside in the United States.
17
18   Sub-Class:  All Members of the Class who are "consumers" within
             the meaning of California Civil Code section 1761(d)
19             ("the CLRA Sub-Class").

20       54.    Excluded from the Class and Sub-Classes are: (1) Defendant, any
21   entity or division in which Defendant has a controlling interest, and its legal
22   representatives, officers, directors, assigns, and successors; (2) the Judge to
23   whom this case is assigned and the Judge's staff; and (3) those persons who have
24   suffered personal injuries as a result of the facts alleged herein.  Plaintiff reserves
25   the right to amend the Class and Sub-Class definitions if discovery and further
26   investigation reveal that the Class and Sub-Class should be expanded or
27   otherwise modified.
28

Case No.                              Page 16

1    55.    Numerosity: Although the exact number of Class Members is
2  uncertain and can only be ascertained through appropriate discovery, the number
3  is great enough such that joinder is impracticable. The disposition of the claims
4  of these Class Members in a single action will provide substantial benefits to all
5  parties and to the Court. The Class Members are readily identifiable from
6  information and records in Defendant's possession, custody, or control, as well
7  as from records kept by the Department of Motor Vehicles of various states.

8    56.    Typicality: The claims of representative Plaintiff are typical of the
9  claims of the Class in that the representative Plaintiff, like all Class Members,
10  purchased and leased Class Vehicles designed, manufactured, and distributed by
11  Honda in which the rear suspension was defective. The representative Plaintiff,
12  like all Class Members, has been damaged by Defendant's misconduct in that he
13  has incurred or will incur the cost of repairing or replacing headlight defect and
14  its related parts. Furthermore, the factual bases of Honda's misconduct are
15  common to all Class Members and represent a common thread of fraudulent,
16  deliberate, and negligent misconduct resulting in injury to all Class Members.

17    57.    Commonality: There are numerous questions of law and fact
18  common to Plaintiff and the Class that predominate over any question affecting
19  only individual Class Members. These common legal and factual issues include
20  the following:

21          a.    whether Class Vehicles suffer from the suspension defect;
22          b.    whether the suspension defect constitutes an unreasonable
23              safety risk;
24          c.    whether Defendant knows about the suspension defect and, if
25              so, how long Defendant has known of the defect;
26          d.    whether the defective nature of the Class Vehicles and their
27              rear suspension constitutes a material fact;

28

1

2

3

4

5

6

7

8

9

       e.    whether Defendant has a duty to disclose the defective nature of the Class Vehicles and their rear suspension to Plaintiff and Class Members;

       f.     whether Plaintiff and the other Class Members are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction; and

       g.    whether Defendant knew or reasonably should have known of the suspension defect contained in the Class Vehicles before it sold or leased them to Class Members.

10     58.    Adequate Representation:  Plaintiff will fairly and adequately

11 protect the interests of the Class Members.  Plaintiff has retained attorneys

12 experienced in the prosecution of class actions, including consumer and product

13 defect class actions, and Plaintiff intends to prosecute this action vigorously.

14     59.    Predominance and Superiority: Plaintiff and the Class Members

15 have all suffered and will continue to suffer harm and damages as a result of

16 Defendant's unlawful and wrongful conduct.  A class action is superior to other

17 available methods for the fair and efficient adjudication of the controversy.

18 Absent a class action, most Class Members would likely find the cost of

19 litigating their claims prohibitively high and would therefore have no effective

20 remedy at law.  Because of the relatively small size of the individual Class

21 Members' claims, it is likely that only a few Class Members could afford to seek

22 legal redress for Defendant's misconduct.  Absent a class action, Class Members

23 will continue to incur damages, and Defendant's misconduct will continue

24 without remedy.  Class treatment of common questions of law and fact would

25 also be a superior method to multiple individual actions or piecemeal litigation in

26 that class treatment will conserve the resources of the courts and the litigants and

27 will promote consistency and efficiency of adjudication.

28

1

## FIRST CAUSE OF ACTION

2

(Violation of California's Consumer Legal Remedies Act,

3

California Civil Code § 1750, *et seq.*)

4      60.    Plaintiff hereby incorporates by reference the allegations contained

5   in the preceding paragraphs of this Complaint.

6      61.    Plaintiff brings this cause of action on behalf of himself and on

7   behalf of the members of the CLRA Sub-Class.

8      62.    Defendant is a "person" as defined by California Civil Code §

9   1761(c).

10     63.    Plaintiff and Class Members are "consumers" within the meaning of

11   California Civil Code § 1761(d).

12     64.    By failing to disclose and concealing the defective nature of the

13   Class Vehicles and their rear suspension from Plaintiff and prospective Class

14   Members, Defendant violated California Civil Code § 1770(a), as it represented

15   that its Class Vehicles and their rear suspension had characteristics and benefits

16   that they do not have, and represented that its Class Vehicles and their rear

17   suspension were of a particular standard, quality, or grade when they were of

18   another. *See* Cal. Civ. Code §§ 1770(a)(5) & (7).

19     65.    Defendant's unfair and deceptive acts or practices occurred

20   repeatedly in Defendant's trade or business, were capable of deceiving a

21   substantial portion of the purchasing public, and imposed a serious safety risk on

22   the public.

23     66.    Defendant knew that its Class Vehicles and their rear suspension

24   suffered from an inherent defect, were defectively designed or manufactured,

25   would fail prematurely, and were not suitable for their intended use.

26     67.    Defendant was under a duty to Plaintiff and the Class Members to

27   disclose the defective nature of the Class Vehicles' and their rear suspension

28   and/or the associated repair costs because:

Case No.                                    Page 19

1          a.      Defendant was in a superior position to know the true state of

2                  facts about the safety defects contained in the Class Vehicles

3                  and their rear suspension;

4          b.      Plaintiff and the Class Members could not reasonably have

5                  been expected to learn or discover that their rear suspension

6                  have a dangerous safety defect until they experienced the

7                  uneven and premature tire wear; and

8          c.      Defendant knew that Plaintiff and the Class Members could

9                  not reasonably have been expected to learn about or discover

10                 the safety defect.

11      68.     In failing to disclose the suspension defect, Defendant has

12 knowingly and intentionally concealed material facts and breached its duty not to

13 do so.

14      69.     The facts concealed or not disclosed by Defendant to Plaintiff and

15 the Class Members are material in that a reasonable consumer would have

16 considered them to be important in deciding whether or not to purchase the Class

17 Vehicles, or to pay less for them.  Had Plaintiff and other Class Members known

18 that the Class Vehicles and their rear suspension were defective, they would not

19 have purchased the Class Vehicles or would have paid less for them.

20      70.     Plaintiff and the Class Members are reasonable consumers who do

21 not expect that with proper maintenance their tires would wear unevenly and

22 prematurely.  That is the reasonable and objective consumer expectation for tires.

23      71.     As a result of Defendant's misconduct, Plaintiff and Class Members

24 have been harmed and have suffered actual damages in that the Class Vehicles

25 and their rear suspension are defective and are continuously causing their tires to

26 wear unevenly and prematurely.

27

28

Case No.                                  Page 20

1   72.   As a direct and proximate result of Defendant's unfair or deceptive

2   acts or practices, Plaintiff and Class Members have suffered and will continue to

3   suffer actual damages.

4   73.   Plaintiff and the Class are entitled to equitable relief.

5   74.   Plaintiff has provided Toyota with notice of its alleged violations of

6   the CLRA pursuant to California Civil Code § 1782(a). If, within 30 days of the

7   date of the notification letter, Defendant fails to provide appropriate relief for its

8   violation of the CLRA, Plaintiff will amend this Complaint to seek monetary,

9   compensatory, and punitive damages, in addition to the injunctive and equitable

10   relief that he seeks now.

11   ## SECOND CAUSE OF ACTION

12   (Violation of California Business & Professions Code § 17200, *et seq.*)

13   75.   Plaintiff hereby incorporates by reference the allegations contained

14   in the preceding paragraphs of this Complaint.

15   76.   Plaintiff brings this cause of action on behalf of themselves and on

16   behalf of the Class Members.

17   77.   California Business & Professions Code § 17200 prohibits acts of

18   "unfair competition," including any "unlawful, unfair or fraudulent business act

19   or practice" and "unfair, deceptive, untrue or misleading advertising."

20   78.   Defendant knew its Class Vehicles and their headlights suffered

21   from an inherent defect, were defectively designed or manufactured, would fail

22   prematurely, and were not suitable for their intended use.

23   79.   In failing to disclose the suspension defect, Defendant has

24   knowingly and intentionally concealed material facts and breached its duty not to

25   do so.

26   80.   ·Defendant was under a duty to Plaintiff and the Class Members to

27   disclose the defective nature of the Class Vehicles and their defective

28   suspension:

Case No.                                    Page 21

1
2
3
4
5
6
7
8
9

      a.    Defendant was in a superior position to know the true state of facts about the safety defect in the Class Vehicles and their suspension;

      b.    Defendant made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles and their rear suspension; and

      c.    Defendant actively concealed the defective nature of the Class Vehicles and their rear suspension from Plaintiff and Class Members.

10  81.  The facts concealed or not disclosed by Defendant to Plaintiff and
11  the Class Members are material in that a reasonable person would have
12  considered them to be important in deciding whether or not to purchase
13  Defendant's Class Vehicles, or to pay less for them.  Had Plaintiff and other
14  Class Members known that the Class Vehicles' suffered from the rear suspension
15  defect described herein, they would not have purchased the Class Vehicles or
16  would have paid less for them.

17  82.  Defendant continues to conceal the defective nature of the Class
18  Vehicles and their rear suspension even after Class Members began to report
19  problems.  Indeed, Defendant continues to cover up and conceal the true nature
20  of the problem, while secretly replacing the control arm of the Class Vehicle to
21  ensure that the defect will manifest itself outside of the warranty period.

22  83.  By its conduct, Defendant has engaged in unfair competition and
23  unlawful, unfair, and fraudulent business practices.

24  84.  Defendant's unfair or deceptive acts or practices occurred
25  repeatedly in Defendant's trade or business, and were capable of deceiving a
26  substantial portion of the purchasing public.

27
28

1       85.    As a direct and proximate result of Defendant's unfair and deceptive

2   practices, Plaintiff and the Class have suffered and will continue to suffer actual

3   damages.

4       86.    Defendant has been unjustly enriched and should be required to

5   make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the

6   Business & Professions Code.

7   **THIRD CAUSE OF ACTION**

8   (Fraud by Omission)

9       87.    Plaintiff hereby incorporates by reference the allegations contained

10   in the preceding paragraphs of this Complaint.

11       88.    Plaintiff brings this cause of action on behalf of himself and on

12   behalf of the Class Members.

13       89.    Defendant knew or should have known that the Class Vehicles and

14   their rear suspension were defectively designed or manufactured, would fail, and

15   were not suitable for their intended use.

16       90.    Defendant concealed from and failed to disclose to Plaintiff and the

17   Class the defective nature of the Class Vehicles and their rear suspension.

18       91.    Defendant was under a duty to Plaintiff and the Class to disclose the

19   defective nature of the Class Vehicles and their  rear suspension because:

20           a.    Defendant was in a superior position to know the true state of

21               facts about the safety defect contained in the Class Vehicles

22               and their rear suspension;

23           b.    Defendant made partial disclosures about the quality of the

24               Class Vehicles without revealing the defective nature of their

25               rear suspension; and

26           c.    Defendant actively concealed the defective nature of the Class

27               Vehicles and their rear suspension from Plaintiff and the Class.

28

Case No.                           Page 23

**CLASS ACTION COMPLAINT**

1  92.   The facts concealed or not disclosed by Defendant to Plaintiff and
2  the Class Members are material in that a reasonable person would have
3  considered them to be important in deciding whether to purchase Defendant's
4  Class Vehicles or pay a lesser price for them. Had Plaintiff and the Class
5  Members known the defective nature of the Class Vehicles and their rear
6  suspension, they would not have purchased the Class Vehicles or would have
7  paid less for them.

8  93.   Defendant concealed or failed to disclose the true nature of the
9  design or manufacturing defects contained in the Class Vehicles and their rear
10  suspension in order to induce Plaintiff and the Class Members to act thereon.
11  Plaintiff and the Class Members justifiably relied on this omission to their
12  detriment. This detriment is evident from Plaintiff's and the Class Members'
13  purchase or lease of Defendant's Class Vehicles.

14  94.   Defendant continued to conceal the defective nature of the Class
15  Vehicles and their rear suspension even after Class Members began to report the
16  problems. Indeed, Defendant continues to cover up and conceal the true nature
17  of the problem, even though it is aware of an alternative design, which,
18  according to Defendant's 2009 TSB, can allegedly remedy the problem.

19  95.   As a direct and proximate result of Defendant's misconduct,
20  Plaintiff and the Class have suffered and will continue to suffer actual damages.

21  ### RELIEF REQUESTED

22  96.   Plaintiff, on behalf of himself, and all others similarly situated,
23  requests the Court to enter judgment against Defendant, and accordingly, request
24  the following:

25      a.   An order certifying the proposed Class and Sub-Class,
26      designating Plaintiff as named representative of the Class, and
27      designating the undersigned as Class Counsel;

28

Case No.                                    Page 24

| | | |
|---|---|---|
| 1 | b. | A declaration that Defendant is financially responsible for |
| 2 | | notifying all Class Members about the defective nature of the |
| 3 | | Class Vehicles and their defective suspension; |
| 4 | c. | An order enjoining Defendant from further deceptive |
| 5 | | distribution, sales, and lease practices with respect to its Class |
| 6 | | Vehicles, and to remove and replace Plaintiff and Class |
| 7 | | Members' rear suspension with a suitable alternative product; |
| 8 | d. | An award to Plaintiff and the Class of compensatory, |
| 9 | | exemplary, and statutory damages, including interest, in an |
| 10 | | amount to be proven at trial, except that for now, Plaintiff |
| 11 | | seeks only equitable and injunctive relief with respect to his |
| 12 | | claims under California's Consumer Legal Remedies Act, |
| 13 | | California Civil Code section 1750 *et seq.*; |
| 14 | e. | A declaration that Defendant must disgorge, for the benefit of |
| 15 | | the Class, all or part of the ill-gotten profits it received from |
| 16 | | the sale or lease of its Class Vehicles, or make full restitution |
| 17 | | to Plaintiff and Class Members; |
| 18 | f. | An award of attorneys' fees and costs, as allowed by law; |
| 19 | g. | An award of attorneys fees and costs pursuant to California |
| 20 | | Code of Civil Procedure § 1021.5; |
| 21 | h. | An award of pre-judgment and post-judgment interest, as |
| 22 | | provided by law; |
| 23 | i. | Leave to amend the Complaint to conform to the evidence |
| 24 | | produced at trial; and |
| 25 | j. | Such other relief as may be appropriate under the |
| 26 | | circumstances. |
| 27 | | |
| 28 | | |

# DEMAND FOR JURY TRIAL

97.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: December 9, 2010

Strategic Legal Practices, APC

By:     *Pasam Shah*
        Payam Shahian

Attorneys for Plaintiff

# EXHIBIT 1

Robert L. Starr (State Bar No. 183052)
e-mail: starresq@hotmail.com
**THE LAW OFFICE OF ROBERT L. STARR**
23277 Ventura Boulevard
Woodland Hills, California, 91364-1002
Telephone: (818) 225-9040
Facsimile:  (818) 225-9042

Payam Shahian (State Bar No. 228406)
**STRATEGIC LEGAL PRACTICES, APC**
e-mail: pshahian@slpattorney.com
1875 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 277-1040
Facsimile:  (310) 943-3838

Matthew R. Mendelsohn (awaiting pro hac vice)
email:  mmendelsohn@mskf.net
David A. Mazie (awaiting pro hac vice)
email:  dmazie@mskf.net
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:  (973) 228-9898
Facsimile:  (973) 228-0303

Attorneys for Plaintiff DAVID J. KEEGAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| DAVID J. KEEGAN, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., HONDA NORTH AMERICA, INC., HONDA OF AMERICA MANUFACTURING, INC., HONDA MANUFACUTURING OF ALABAMA, LLC, HONDA ENGINEERING NORTH AMERICA, INC., and HONDA MOTOR COMPANY, LTD.,<br><br>Defendants. | Case Number:<br><br>**DECLARATION OF ROBERT L. STARR IN SUPPORT OF PLAINTIFF'S SELECTION OF FORUM FOR TRIAL OF PLAINTIFF'S CLAIMS ARISING UNDER THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT**<br><br>[Cal. Civ. Code, § 1780, subd. (d)] |

## DECLARATION OF ROBERT L. STARR

I, Robert L. Starr, declare:

1.     I am admitted, in good standing, to practice as an attorney in the State of California. All of the matters set forth herein are within my personal knowledge, except those matters that are stated to be upon information and belief. As to such matters, I believe them to be true.

2.     Pursuant to Cal. Civ. Code § 1780(d), this Declaration is submitted in support of Plaintiff's selection of forum for trial of Plaintiff's cause of action alleging violation of California's Consumer Legal Remedies Act.

3.     On information and belief, Defendants AMERICAN HONDA MOTOR CO., INC. and HONDA NORTH AMERICA, INC. ("Honda") are California corporations with its principal place of business in Torrance, Los Angeles County, California.

4.     Honda, through its business of distributing, selling, and leasing vehicles, has established sufficient contacts in this district such that personal jurisdiction is appropriate. Honda is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

5.     In addition, a substantial part of the events or omissions giving rise to Plaintiff's claims and a substantial part of the property that is the subject of this action are in this district. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

6.     Based on the facts set forth herein, this Court is a proper venue for the prosecution of Plaintiff's cause of action alleging violation of California's Consumer Legal Remedies Act. *See* Cal. Civ. Code § 1780(d).

//
//
//
//

Case No.:                                    Page 1

DECLARATION OF ROBERT L. STARR. ESQ.. IN SUPPORT OF PLAINTIFF'S

1   I declare under penalty of perjury under the laws of the State of California

2   and the United States of America that the foregoing is true and correct and that

3   this declaration was executed by me on this __10th____ day of December 2010,

4   at Los Angeles, California.

5

6

7   Robert L. Starr, Esq.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV10- 9508 MMM (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Robert L. Starr  (State Bar Number 183052)
email:  starresq@hotmail.com
23277 Ventura Boulevard
Woodland Hills, California 91364
Telephone: (818) 225-9040
Facsimile:  (818) 225-9042

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. KEEGAN, individually, and on behalf of a class of similarly situated individuals, | CASE NUMBER |
| PLAINTIFF(S) | CV10·09508 |
| v. | |
| AMERICAN HONDA MOTOR CO., INC., SEE ATTACHED ATTACHMENT FOR ADDITIONAL DEFENDANTS | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S): _____ __     _____

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Robert L. Starr, Esq._____, whose address is _23277 Ventura Boulevard, Woodland Hills, California 91364_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

DEC 1 0 2010

Dated: _____

By: _____

**JULIE PRADO**

Deputy Clerk SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Attachment to Summons Defendants:

HONDA NORTH AMERICA, INC., HONDA OF AMERICA
MANUFACTURING, INC., HONDA MANUFACTURING OF ALABAMA,
LLC, HONDA ENGINEERING NORTH AMERICA, INC., and HONDA
MOTOR COMPANY, LTD.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DAVID J. KEEGAN, individually, and on behalf of a class of similarly situated individuals,

**DEFENDANTS**
AMERICAN HONDA MOTOR CO., INC.,
SEE ATTACHED ATTACHMENT FOR ADDITIONAL DEFENDANTS

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

THE LAW OFFICE OF ROBERT L. STARR
23277 Ventura Boulevard, Woodland Hills, California 91364
Telephone: (818) 225-9040 Facsimile: (818) 225-9042

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** greater than $5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC section 1332(d) Nationwide Class Action pursuant to CAFA with causes of action for violation of California consumer protection statues.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine ☐ 345 Marine Product Liability | **BANKRUPTCY** ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. |
| ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** ☐ 610 Agriculture | Security Act **PROPERTY RIGHTS** |
| ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment ☐ 443 Housing/Acco- | ☐ 625 Drug Related Seizure of | ☐ 840 Trademark **SOCIAL SECURITY** |
| ☑ 890 Other Statutory Actions ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | mmodations ☐ 444 Welfare | Property 21 USC 881 | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product | ☐ 445 American with Disabilities - | ☐ 630 Liquor Laws ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation ☐ 220 Foreclosure | Liability **IMMIGRATION** | Employment ☐ 446 American with | ☐ 650 Airline Regs ☐ 660 Occupational | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application ☐ 463 Habeas Corpus- Alien Detainee | Disabilities - Other ☐ 440 Other Civil Rights | Safety /Health ☐ 690 Other | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS-Third Party 26 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | USC 7609 |

CV10·09508

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | DAVID J. KEEGAN - Dublin, California |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| AMERICAN HONDA MOTOR CO., INC. - Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date December 10, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Attachment to Civil Case Cover Sheet Defendants:

HONDA NORTH AMERICA, INC., HONDA OF AMERICA
MANUFACTURING, INC., HONDA MANUFACTURING OF ALABAMA,
LLC, HONDA ENGINEERING NORTH AMERICA, INC., and HONDA
MOTOR COMPANY, LTD.

HONDA NORTH AMERICA, INC.  —  LOS ANGELES COUNTY

HONDA OF AMERICA MANUFACTURING, INC. — OHIO

HONDA MANUFACTURING OF ALABAMA, LLC- ALABAMA

HONDA ENGINEERING NORTH AMERICA, INC. — OHIO

HONDA MOTOR COMPANY, LTD. —  JAPAN