1  Michael A. Caddell (State Bar No. 249469)
   mac@caddellchapman.com
2  Cynthia B. Chapman (State Bar No. 164471)
   cbc@caddellchapman.com
3  Cory S. Fein (State Bar No. 250758)
   csf@caddellchapman.com
4  **CADDELL & CHAPMAN**
5  1331 Lamar, Suite 1070
   Houston TX 77010-3027
6  Telephone:  (713) 751-0400
   Facsimile:  (713) 751-0906
7
8  Payam Shahian (SBN 228406)
   Pshahian@slpattorney.com
9  **STRATEGIC LEGAL PRACTICES, APC**
   1875 Century Park East, Suite 700
10 Los Angeles, CA 90067
11 Telephone:  (310) 277-1040
   Facsimile:   (310) 943-3838
12
   [Additional attorneys listed below signature line]
13
14                 UNITED STATES DISTRICT COURT
15      CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION
16
17 DAVID J. KEEGAN, LUIS GARCIA,            Case No.: CV 10-09508-MMM-AJW
18 ERIC ELLIS, CHARLES WRIGHT,
   BETTY KOLSTAD, CAROL HINKLE            **PLAINTIFFS' APPLICATION TO**
19 AND JONATHAN ZDEB, individually,        **FILE MOTION FOR CLASS**
20 and on behalf of a class of similarly   **CERTIFICATION UNDER SEAL**
   situated individuals,
21                                          Date:  January 23, 2012
22              Plaintiffs,                 Time:  10:00 a.m.
                                            Courtroom:  780
23        v.
24
   AMERICAN HONDA MOTOR CO.,
25 INC.,
26              Defendant.
27
28

---

PLAINTIFFS' APPLICATION TO FILE MOTION FOR CLASS CERTIFICATION UNDER SEAL

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that concurrent with Plaintiffs' Motion for Class Certification ("Motion"), Plaintiffs will and hereby do submit this application for an order permitting Plaintiffs to file the Motion, including all of its supporting documents, under seal.

This Application is brought pursuant to Local Rule 79-5 on the grounds that the Motion for Class Certification contains references to, and exhibits consisting of, "Confidential Information" that must be filed under seal pursuant to Section 26 of the protective order entered in this action on or about August 31, 2011 (*see* Docket Nos. 65 & 66), which is attached hereto as Exhibit 1.

Dated: November 21, 2011     Respectfully submitted,

By:     /s/ Michael A. Caddell

Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
Cory S. Fein (State Bar No. 250758)
csf@caddellchapman.com
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX 77010-3027
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Payam Shahian (State Bar No. 228406)
pshahian@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1875 Century Park East, Suite 700
Los Angeles CA 90067
Telephone:  (310) 277-1040
Facsimile:  (310) 943-3838

Robert L. Starr (State Bar No. 183052)
starresq@hotmail.com
**THE LAW OFFICE OF ROBERT L. STARR**
23277 Ventura Boulevard
Woodland Hills CA 91364-1002
Telephone:  (818) 225-9040
Facsimile:  (818) 225-9042


Matthew R. Mendelsohn (*pro hac vice*)
mmendelsohn@mskf.net
David A. Mazie (*pro hac vice*)
dmazie@mskf.net
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland NJ 07068
Telephone:  (973) 228-9898
Facsimile:  (973) 228-0303

**ATTORNEYS FOR PLAINTIFFS**

1

# CERTIFICATE OF SERVICE

2   Michael A. Caddell, an attorney, hereby certifies that he caused copies of
3   the foregoing to be served on all counsel listed below via the Court's ECF
    System on this 21st day of November, 2011.

4

5   Michael C. Andolina
    Alexa C. Warner
6   David Johnson
    Sidley Austin
7   One South Dearborn St.
8   Chicago IL 60603

9
    Eric Y. Kizirian
10  Roy M. Brisbois
    Lewis Brisbois Bisgaard and Smith LLP
11  221 North Figueroa St., Suite 1200
12  Los Angeles CA 90012

13

14

15
                                    /s/  Michael A. Caddell
16                                  Michael A. Caddell

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1 | ROY M. BRISBOIS, SB# 53222
     E-Mail: brisbois@lbbslaw.com
2 | ERIC Y. KIZIRIAN, SB# 210584
     E-Mail: kizirian@lbbslaw.com
3 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   221 North Figueroa Street, Suite 1200
4 | Los Angeles, California 90012
   Telephone: 213.250.1800
5 | Facsimile: 213.250.7900

6 | DAVID B. JOHNSON (*pro hac vice*)
     E-Mail: djohnson@sidley.com
7 | MICHAEL C. ANDOLINA (*pro hac vice*)
     E-Mail: mandolina@sidley.com
8 | ALEXA C. WARNER (*pro hac vice*)
     E-Mail: acwarner@sidley.com
9 | SIDLEY AUSTIN LLP
   One South Dearborn Street
10 | Chicago, Illinois 60603
   Tel.:   (312) 853-7000
11 | Fax:   (312) 853-7036

12 | Attorneys for Defendant
13 | American Honda Motor Co., Inc.

14

15 | UNITED STATES DISTRICT COURT
   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

16 | DAVID J. KEEGAN, LUIS GARCIA,          CASE NO. CV10-09508 MMM (AJW)
17 | ERIC ELLIS, CHARLES WRIGHT,
   BETTY KOLSTAD, CAROL HINKLE           **STIPULATED CONFIDENTIALITY**
18 | AND JONATHAN ZDEB, individually,     **AGREEMENT FOR ENTRY OF**
   and on behalf of a class of similarly  **PROTECTIVE ORDER**
19 | situated individuals,

20 |          Plaintiff,

21 |     v.

22 | AMERICAN HONDA MOTOR CO,
   INC.
23 |
            Defendant.
24

25

26

27

28

1    WHEREAS Defendant American Honda Motor Co., Inc. ("Honda") and

2  Plaintiffs David J. Keegan, Luis Garcia, Eric Ellis, Charles Wright, Betty Kolstad,

3  Carol Hinkle and Jonathan Zdeb ("Plaintiffs") (collectively, "Parties") anticipate

4  that they may produce certain "Confidential Information," as defined below, in their

5  Rule 26 initial disclosures, in their responses to written discovery, during deposition

6  testimony, during confidential settlement discussions, or in response to other

7  requests in the matter captioned Keegan et al. v. American Honda Motor Co., Inc.

8  (Case No. CV10-09508 MMM (AJWx)) (the "Action"), Honda and Plaintiffs,

9  through their undersigned counsel, hereby stipulate and agree that the Court may

10  enter a Protective Order based on the following Stipulated Confidentiality

11  Agreement for Entry of Protective Order ("Agreement"), as set forth below:

12    WHEREAS, this case concerns claims raised by Plaintiffs relating to model

13  year 2006 through 2007 Honda Civic and model year 2006 through 2008 Honda

14  Civic Hybrid vehicles distributed by American Honda Motor Co., Inc.;

15    WHEREAS, given the nature of the claims and defenses asserted by the

16  Parties, discovery will focus on several areas of a sensitive proprietary nature,

17  including, but not limited to, "confidential research, development, or commercial

18  information" as provided in Federal Rule of Civil Procedure 26(c);

19    WHEREAS, the Parties, through counsel, have jointly moved the Court for

20  entry of this Protective Order for purposes of protecting the Parties from

21  "annoyance, embarrassment, oppression, or undue burden or expense," per Rule

22  26(c), and to facilitate discovery; and

23    WHEREAS, the Parties, through counsel, stipulate that the "good cause"

24  standard set forth in Federal Rule of Civil Procedure 26(c) is met.

25  / / /

26  / / /

27  / / /

28  / / /

STIPULATED CONFIDENTIALITY AGREEMENT FOR ENTRY OF PROTECTIVE ORDER

1    IT IS HEREBY ORDERED THAT:

2    1.    "Party" as used herein shall include Plaintiffs, American Honda Motor

3    Co., Inc., ("AHM") and any other Honda-related entity producing documents or

4    providing testimony in the above-captioned matter (the "Litigation"), including all

5    entities dismissed from the Litigation per the Agreement of Plaintiffs and AHM.

6    2.    "Information" as used herein shall include any document, deposition

7    testimony, electronic data, interrogatory response, response to requests for

8    admissions, or other information disclosed or produced by or on behalf of a Party

9    (or any of its attorneys or other agents), or by or on behalf of a non-party (or any of

10   its attorneys or other agents), either informally or pursuant to the requirements of

11   any court order in the Litigation.

12   2.    Information designated as "Confidential" pursuant to this Order

13   ("Confidential Information") shall not be made available to any person or entity

14   except as authorized by this Order, and shall be used by the persons or entities to

15   which it is produced solely for the purposes of this Litigation and any attendant

16   appeal.  The "Confidential" designation shall be made in good faith by Parties'

17   counsel.

18   3.    "Confidential Information" as used herein shall mean any proprietary,

19   non-public Information designated by a Party (the "Designating Party") as such

20   pursuant to this Order, which the Designating Party would not normally reveal to

21   third parties or would request third parties to maintain in confidence, or Information

22   of a non-party that the Designating Party must or would maintain in confidence the

23   public disclosure of which would cause specific and serious injury to the

24   Designating Party or the third party which provided the document.  For purposes of

25   this Order and subject to the Federal Rules of Civil Procedure and to the extent

26   applicable California Constitution and state law, such Confidential Information

27   includes, but is not limited to:

28   / / /

1          a.    Internal marketing strategies developed at the expense of the
2    Designating Party;
3          b.    Organizational charts that disclose the corporate structure of the
4    Designating Party;
5          c.    Information related to the internal policies and procedures of the
6    Designating Party, or any of its predecessors, assigns, and present and former
7    employees, agents, representatives, or other persons or entities acting at the direction
8    or otherwise on behalf of the Designating Party;
9          d.    Documents related to any testing or protocols designed by, for,
10   or on behalf of the Designating Party in order to evaluate the performance of its
11   products;
12         e.    Documents, reports, or data relating to the overall financial
13   condition of the Designating Party, including, but not limited to, pricing tables and
14   sales or profit reports;
15         f.    Product development plans or strategies, whether past or present,
16   including, but not limited to, research and development analyses;
17         g.    Internal management and/or personnel procedures relating to
18   budgeting, marketing, sales, profit and loss projections, and matters of accounting;
19         h.    Work orders, designs, or other documents relating to the
20   Designating Party's manufacturing process;
21         i.    Labor reports that might reflect on the Designating Party's
22   pricing and manufacturing capabilities;
23         j.    Documents that describe the design, structure and/or operation
24   of a Designating Party's product at issue in this Action, including schematic
25   diagrams, manufacturing drawings, engineering drawings, engineering change
26   orders, engineering notebooks, specifications, research notes and materials and other
27   technical descriptions and/or depictions;
28   ///

4

1        k.     Information obtained from a non-party pursuant to a non-
2 disclosure agreement;

3        l.     Agreements with any non-party, including Original Equipment
4 Manufacturers, supplies, distributors, and customers;

5        m.     Any other information or documents, the disclosure of which the
6 Designating Party can demonstrated would cause a clearly defined and serious
7 injury.

8        n.     Customer information, including name, address and other
9 information reflection in records of the Designating Party.

10    4.     Any information not designated as "Confidential" in accordance with
11 the procedures set forth herein shall not be covered by this Order.

12    5.     A Designating Party shall designate Confidential Information as
13 follows:

14        a.     Documents, including those produced electronically, will be
15 designated as Confidential Information when marked with the word "Confidential"
16 on its face, as well as on each page that contains Confidential Information.

17        b.     Magnetic or optical media (such as a floppy disk, CD-ROM, or
18 tape) will be designated as Confidential Information when marked or labeled with
19 the word "Confidential." If only a portion of the material contained on such a
20 medium is confidential, the Designating Party shall clearly specify those portions. If
21 any person or entity who receives such a designated medium prints or otherwise
22 transfers to another medium any of the Confidential Information, any resulting
23 document or other medium shall be marked as Confidential Information.

24        c.     Physical exhibits will be designated as Confidential Information
25 when a "Confidential" label is affixed.

26        d.     Discovery responses that require disclosure of Confidential
27 Information will be appended as an exhibit to the discovery response, with the
28 exhibit marked as "Confidential."

1        e.    In the event that deposition testimony contains any Confidential
2  Information, the parties may designate such portion of deposition as "Confidential"
3  by advising the court reporter and/or videographer on the record at the time such
4  testimony is given or within fifteen (15) days after the receipt of the transcript of the
5  deposition by notifying  all parties and the court reporter in writing of the page and
6  line numbers of the testimony deemed "Confidential." Any testimony reading from
7  or directly referencing confidential documents is automatically deemed to be
8  confidential, including any confidential documents used as exhibits. . e. Nothing in
9  this Order shall prevent any employee of a Party or any outside counsel for the
10  Parties in this Litigation and their secretaries, legal assistants, or other support
11  personnel as reasonably necessary to assist outside counsel in this Litigation
12  (collectively "Outside Litigation Counsel") from attending any deposition, except
13  that only persons entitled to receive Confidential Information shall be present when
14  such Information is disclosed at a deposition. Counsel for the Party disclosing such
15  "Confidential Information" at a deposition shall, before such Information is
16  disclosed, advise counsel for all other Parties so that appropriate safeguards can be
17  taken to ensure that only persons entitled to receive such Information pursuant to the
18  terms of this Order are present when such Information is disclosed.

19       6.    Non-parties from whom discovery is sought by the Parties to this Order
20  may designate Information as "Confidential" consistent with the terms of this Order,
21  provided that such non-parties agree in writing to be bound by the Order by
22  executing the *Declaration and Agreement to be Bound* (the "Declaration") attached
23  hereto as Exhibit A. Under such circumstances, all duties applicable to a
24  Designating Party shall apply to the non-party. All obligations applicable to Parties
25  receiving such Information shall apply to any Party receiving Information from the
26  non-party.

27  / / /

28  / / /

7. Each person designating or receiving Confidential Information pursuant to this Order and executing a copy of the Declaration hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Order.

8. The Parties shall retain each originally-executed Declaration until one year after the conclusion of this Litigation, inclusive of any appeals.

9. Each person who receives any Confidential Information shall exercise due and proper care in connection with the storage, custody, use, and dissemination of such material, to avoid any inadvertent use by or disclosure to persons to whom disclosure is not permitted under this Order.

10. In the event that a Party produces two or more identical or substantially identical copies of a document or other Information, and any copy is designated "Confidential" while other copies are not so designated, all such identical or substantially identical documents or other Information shall be treated as Confidential once the inconsistent designation is known. The Designating Party shall be responsible for informing the Party receiving the inconsistently designated document or other Information of the inconsistent designation.

11. If a Party inadvertently fails to designate Information as "Confidential" at the time of production, the Party shall inform the Party or Parties that received the Information and shall provide substitute copies of each item, appropriately marked as Confidential Information. Within five (5) days of receipt of the substitute copies, the receiving Party or Parties shall return or destroy the previously unmarked, or incorrectly marked, items and all copies of such items.

12. For purposes of counting the number of days pursuant to any provision of this order, days shall mean business days.

13. Any Party (the "Challenging Party") may challenge the designation of Confidential Information as follows:

/ / /

1          a.     If a Challenging Party believes that Information designated as

2   "Confidential" has not been properly designated under the terms of this Order, the

3   Challenging Party may, within ninety (90) days of having received the Information,

4   provide to the other Parties written notice of the disagreement. A Party is not

5   obligated to challenge the propriety of a "Confidential" designation at the time such

6   designation is made. The Challenging Party and the other Parties shall then attempt

7   in good faith to resolve the dispute informally.

8          b.     Should the Challenging Party and the other Parties be unable to

9   resolve their dispute informally, Designating Party who bears the burden for such a

10  motion may request appropriate relief by Motion with the Court by following the

11  procedures set forth in Central District Local Rule 37 for resolving the dispute.The

12  Party seeking the "Confidential" designation bears the burden to establish that the

13  contested material is entitled to protection under Fed. R. Civ. P. 26(c). The

14  Information involved shall be treated as Confidential Information during the

15  pendency of the challenge.

16         14.    If Confidential Information is used in any pretrial proceeding in this

17  Litigation (including, but not limited to, conferences, oral arguments, and hearings),

18  the Designating Party seeking to protect the confidentiality of the Confidential

19  Information shall move the Court to exclude all persons not authorized to view or

20  hear the Confidential Information from the proceeding during the Confidential

21  Information's use, or during any discussion involving the Confidential Information.

22  The Designating Party shall also move the Court to seal the transcripts and records

23  of any such proceeding.

24         15.    If any Confidential Information is disclosed to any person to whom

25  such disclosure is not authorized by this Order, or other than in the manner set forth

26  in this Order or by the Court, the Party responsible for the improper disclosure shall

27  immediately:

28  ///

1          a.     Inform the Parties of all facts pertinent to the disclosure that,

2 after due diligence and prompt investigation, are known to the Party responsible for

3 the improper disclosure (including the name, address, telephone number, and

4 employer of the person to whom the disclosure was made);

5          b.     Take all reasonable efforts to prevent further disclosure by each

6 unauthorized person who received such information; and

7          c.     Require each unauthorized person to return all Confidential

8 Information that was improperly disclosed to that person, all copies made of the

9 improperly disclosed Confidential Information, and all documents containing

10 excerpts from or reference to the improperly disclosed Confidential Information.

11    16.    The Parties reserve the right to seek relief from the Court for any

12 disclosure of Confidential Information where such disclosure is not pursuant to the

13 terms of this Order and/or where Confidential Information is to be used at trial.

14    17.    Disclosure by any Party of undesignated Confidential Information prior

15 to notice by any Party of the confidential nature thereof shall not be deemed a

16 violation of this Order.

17    18.    Any Party reserves the right to request that the Court modify the terms

18 of this Order in the event that a Party believes that a modification is necessary.  This

19 includes the right to request that the Court further restricts access to certain

20 Confidential Information that a Party deems highly sensitive in a manner beyond

21 what is provided for by this Order.  If an application is made requesting

22 modification of the terms of this Order, all signatories of copies of the Declaration,

23 as well as persons described herein, shall remain bound by this Order unless and

24 until it is modified by the Court.

25    19.    Nothing herein shall impose any restriction on the use or disclosure by

26 a Party of its own Information.  Nor shall this Order be construed to prevent any

27 Party or its counsel from making use as they see fit of Information that was lawfully

28 available to the public, lawfully in the possession of the Party or its counsel, or

1   properly came into the possession of the Party or its counsel independent of any

2   disclosure of Confidential Information in this Litigation, or that was obtained from a

3   non-party in the course of this Litigation and was not designated as "Confidential"

4   by that non-party.

5       20.   This Order shall be binding on any future Party to this Litigation.

6       21.   The Court shall retain jurisdiction to enforce the terms of this Order.

7   This Order may be modified or amended by further order of the Court.

8       22.   Nothing in this Order is intended to constitute an agreement regarding

9   the scope of discovery.

10      23.   Nothing in this Order is intended to affect the admissibility of any

11  document, material or information at any trial or hearing; any request for

12  confidentiality, closure or sealing of any hearing or trial must be made to the judge

13  then presiding.

14      24.   Compliance with this Order in no way constitutes an admission by any

15  person or entity that any Information is or is not proprietary, confidential, or a trade

16  secret.

17      25.   This Order provides for the limitation of access to Confidential

18  Information and the disposition of Confidential Information following the

19  conclusion of the Litigation as follows:

20          a.   Confidential Information may be disclosed to the following

21  persons only:

22              1.   The Court, court personnel, court reporters, jurors,

23  mediators, videographers, and arbitrators;

24              2.   The Parties' in-house counsel, including necessary

25  secretarial, clerical, and litigation support or copy service personnel assisting such

26  counsel;

27  / / /

28  / / /

10

1    3. Outside counsel of record for the Parties to this Litigation,

2 including necessary secretarial, clerical, and litigation support or copy service

3 personnel assisting such counsel;

4    4. Employees of the Parties who are actively involved in this

5 Litigation or who are otherwise necessary to aid counsel in this Litigation, provided

6 that any employee first executes the Declaration before receiving any Information

7 designated as "Confidential";

8    5. Experts, including any consulting or prospective experts,

9 performing services in connection with the prosecution or defense of this Litigation,

10 together with their clerical or support personnel, provided that each individual first

11 executes a copy of the Declaration before receiving any Confidential Information;

12    6. Any person identified as having authored or previously

13 received the particular Confidential Information disclosed;

14    7. Any person being interviewed by a Party who already

15 possessed knowledge of the Confidential Information before being contacted by the

16 Party, provided that the individual first executes the Declaration;

17    8. Deposition or trial witnesses who appear, based upon the

18 document itself or testimony in a deposition, to have knowledge of the contents of

19 the document designated "Confidential" or the specific events, transactions,

20 discussions, or data reflected in the document, provided that any such witness first

21 executes the Declaration before receiving any Confidential Information.

22 Confidential Information may be used only for the purposes of preparing such

23 witnesses for giving testimony, and examining or cross-examining such witnesses

24 during a deposition or trial. Such witnesses will not be permitted to retain any

25 Confidential Information unless otherwise authorized by this Order;

26 / / /

27 / / /

28 / / /

1          9.    Outside non-expert consultants, including data processing
2    vendors and mock jurors, provided that each consultant executes a copy of the
3    Declaration before receiving any Confidential Information.  Outside consultants
4    shall not be permitted to retain any Confidential Information unless otherwise
5    authorized by this Order; and

6          10.    Any person agreed to in writing by the Parties or as
7    ordered by the Court.

8          b.    Nothing in this Order shall limit any Party's ability to request
9    that the Court allow disclosure of any Confidential Information designated as such
10   to a person not otherwise authorized to access such material under this Order.

11         c.    All provisions of this Order restricting the use of Confidential
12   Information shall remain binding until the conclusion of this Litigation, unless
13   otherwise agreed in writing by all the Parties or ordered by the Court.

14   26.    Unless expressly authorized by statute or federal rule, or the Judicial
15   Conference of the United States, Confidential Information that will be filed with the
16   Court cannot be filed under seal without prior approval by the Court.  Where Court
17   approval is required, the following procedures, as set forth in Local Rule 79-5, must
18   be followed:

19         a.    The original and Court's copy of the document containing Confidential
20   Information filed manually in separate sealed envelopes with a copy of the title page
21   attached to the front of each envelope.  Conformed copies need not be placed in
22   sealed envelopes;

23         b.    A Notice of Manual Filing shall be electronically filed identifying the
24   materials being manually filed;

25   / / /
26   / / /
27   / / /
28   / / /

                                    12

1    c.    The party that desires to have the Confidential Information filed under

2  seal must then file a written application to have Confidential Information filed under

3  seal, along with a proposed order and the material to be placed under seal.  The

4  Application must state the legal and factual basis that justifies the requested relief.

5  Applications and Orders to Seal, along with the material to be placed under seal,

6  shall not be electronically filed but shall be filed manually in the manner prescribed

7  by Local Rule 79-5.

8

9  **SO STIPULATED.**

10

11  DATED: August 29, 2011        ROY M. BRISBOIS
                                  ERIC Y. KIZIRIAN
12                                LEWIS BRISBOIS BISGAARD & SMITH LLP

13

14                                By: _____

15                                     Eric Y. Kizirian
                                       Attorneys for American Honda Motor Co.,
16                                     Inc.

17  DATED: August 29, 2011        STRATEGIC LEGAL PRACTICES, APC
                                  LAW OFFICE OF ROBERT L. STARR
18                                MAZIE SLATER KATZ & FREEMAN, LLC

19

20

21                                By: /s/ Payam Shahian

22                                     Payam Shahian
                                       Attorneys for Plaintiffs
23

24

25

26

27

28

13

1

**EXHIBIT A**

2

UNITED STATES DISTRICT COURT

3

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 4  DAVID J. KEEGAN, LUIS GARCIA,<br>5  ERIC ELLIS, CHARLES WRIGHT,<br>   BETTY KOLSTAD, CAROL HINKLE<br>6  AND JONATHAN ZDEB, individually,<br>   and on behalf of a class of similarly<br>7  situated individuals, | CASE NO. CV10-09508 MMM<br>(AJWx)<br><br>**PROPOSED JOINT PROTECTIVE**<br>**ORDER** |
| 8           Plaintiff, | |
| 9      v. | |
| 10  AMERICAN HONDA MOTOR CO,<br>    INC. | |
| 11 | |
| 12           Defendant. | |

13

**DECLARATION AND AGREEMENT TO BE BOUND**

14

15          I, _____ declare and

16   state under penalty of perjury that:

17          1.     My present residential address is: _____

18   _____

19   _____.

20          2.     My present employer is: _____

21

22   _____.

23          3.     The address of my present employer is: _____

24   _____

25   _____.

26

27

28

14

1       4.    My present occupation or job description is: _____

2 _____

3 _____.

4       5.    I have received and carefully reviewed the Protective Order dated _____

5 _____ and understand its provisions. Specifically, I understand that I am obligated, by order of

6 the Court, to hold in confidence and not disclose the contents of anything marked

7 CONFIDENTIAL to anyone other than the persons permitted by paragraphs 10–11 of the

8

9 Protective Order. I further understand that I am not to disclose to anyone other than the persons

10 permitted by paragraphs 10–11 of the Protective Order any words, substances, summaries,

11 abstracts or indices of any CONFIDENTIAL INFORMATION disclosed to me. I will use

12 CONFIDENTIAL INFORMATION solely for purposes relating to the above-captioned litigation.

13 In addition to the foregoing, I understand that I must abide by all of the provisions of the

14

15 Protective Order.

16       6.    At the termination of this action or at any time requested by counsel, I will return to

17 counsel for the Party by whom I am employed or to counsel by whom I am employed all

18 documents and other materials, including notes, computer data, summaries, abstracts, or any other

19 materials containing or reflecting CONFIDENTIAL INFORMATION that have come into my

20 possession, and will return all documents or things I have prepared relating to or reflecting such

21

22 information.

23       7.    I understand that if I violate the provisions of the Protective Order, I will be in

24 violation of a Court order and subject to the sanctions or other remedies that may be imposed by

25 the Court and potentially liable in a civil action for damages by the disclosing Party.

26      I declare under penalty of perjury of the laws of the United States that the foregoing is true

27 and correct.

28

15

STIPULATED CONFIDENTIALITY AGREEMENT FOR ENTRY OF PROTECTIVE ORDER

1

2    Executed on _____          _____
                                          Declarant's Signature
3    CHI 6148427v.3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED CONFIDENTIALITY AGREEMENT FOR ENTRY OF PROTECTIVE ORDER

1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

3

4    DAVID J. KEEGAN, LUIS GARCIA,          CASE NO. CV10-09508 MMM (AJW)
     ERIC ELLIS, CHARLES WRIGHT,
5    BETTY KOLSTAD, CAROL HINKLE
     AND JONATHAN ZDEB, individually,       **ORDER FOR ENTRY OF**
6    and on behalf of a class of similarly  **PROTECTIVE ORDER**
     situated individuals,
7
              Plaintiffs,
8
     vs.
9
     AMERICAN HONDA MOTOR CO.,
10   INC., HONDA NORTH AMERICAN,
     INC., AND HONDA MOTOR
11   COMPANY, LTD.,

12            Defendants.

13

14        The parties in the above-entitled action have submitted a STIPULATED

15   CONFIDENTIALITY AGREEMENT FOR ENTRY OF PROTECTIVE ORDER

16   ("Confidentiality Stipulation"). The Court, having reviewed the parties'

17   Confidentiality Stipulation, and GOOD CAUSE APPEARING, hereby adopts the

18   Confidentiality Stipulation as its Protective Order for the handling of "Confidential

19   Information" as that term is defined by the parties' Confidentiality Stipulation.

20   **IT IS SO ORDERED.**

21

22   **DATED:    8/31/2011**

23                                          HONORABLE ANDREW J. WISTRICH
                                            United States Magistrate Judge
24

25

26

27

28

                                            1
                    [PROPOSED] ORDER FOR ENTRY OF PROTECTIVE ORDER