# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DAVID J. KEEGAN, LUIS GARCIA, ERIC ELLIS, CHARLES WRIGHT, BETTY KOLSTAD, CAROL HINKLE, and JONATHAN ZDEB, individually and on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN HONDA MOTOR CO., INC., <br><br> Defendant. | Case No.: CV10-09508-MMM (AJWx) <br><br> **PRELIMINARY APPROVAL ORDER** |

## PRELIMINARY APPROVAL ORDER

The parties to the Settlement Agreement entered into on March 18, 2013 (the "Settlement Agreement") between Plaintiffs and Defendant in the above-captioned class action (the "Action") having applied for an order approving the proposed settlement of the Action in accordance with the Settlement Agreement, and the Court having read and considered the Settlement Agreement and accompanying documents; and the parties having consented to the entry of this Order,

**IT IS HEREBY ORDERED** that:

1. In addition to the terms defined in this order, the Court incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. All proceedings in the Action, other than proceedings necessary to carry out the Settlement Agreement, are stayed until further order. This stay shall remain in effect until one of the following events occurs: (i) the Effective Date as defined in Section 1.9 of the Settlement Agreement; or (ii) one of the Parties voids the Settlement Agreement pursuant to the terms of the Settlement Agreement. Class Members are enjoined from proceeding with any claims against any Released Person that fall within the scope of the release defined in Section 1.21 of the Settlement Agreement.

3. For purposes of settlement only, the following Settlement Class is certified:

> All residents of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who currently own or lease, or previously owned or leased, 2006 and 2007 Honda Civics, 2006 and 2007 Honda Civic Hybrids, and 2008 Honda Civic Hybrids with a VIN range of JHMFA3 85000001 – JHMFA3 85010456, distributed for sale or lease in the United States (including Puerto Rico, Guam, and the U.S. Virgin Islands).

4.  For purposes of settlement only, the following subclass is certified: All members of the Settlement Class who currently own or lease, or previously owned or leased, a Settlement Class Vehicle designated as a "Civic Si."

5.  Solely for the purposes of the settlement, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law and fact common to the Settlement Class Members; (iii) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class Members; (iv) the Representative Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (vi) certifying the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

6.  The Court hereby appoints Michael A. Caddell, Cynthia B. Chapman, and Cory S. Fein of Caddell & Chapman; Payam Shahian of Strategic Legal Practices, APC; Robert L. Starr of The Law Office of Robert L. Starr; and Matthew R. Mendelsohn and David A. Mazie of Mazie Slater Katz & Freeman, LLC as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment.

7.  Plaintiffs David J. Keegan, Luis Garcia, Eric Ellis, Charles Wright, Betty Kolstad, Carol Hinkle, Shawn Phillips and Benittia Hall are hereby appointed Representative Plaintiffs. Shawn Phillips is also appointed Representative Plaintiff for the Settlement Si Subclass.

8.  The Court finds that (i) the proposed Settlement Agreement resulted from extensive arm's-length negotiations, including mediation sessions in front of an

2

experienced mediator; (ii) the proposed settlement was concluded after counsel for all Parties had conducted adequate investigation; and (iii) the terms of the proposed settlement are sufficiently fair, reasonable, and adequate to warrant sending the Notice in the form attached as Exhibit 3 to the Settlement Agreement ("Notice") and holding a hearing regarding final approval of the proposed settlement. Accordingly, the Court grants preliminary approval of the settlement.

9. The Court approves, in form and substance, the Notice. The form and method of notice specified in the Settlement Agreement is the best notice practicable and shall constitute due notice of the final settlement hearing and the pendency of the Action to all persons entitled to receive notice, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and applicable law.

10. The Court orders that, on or before Friday, August 9, 2013, Honda shall cause the Notice to be distributed to Settlement Class Members as set forth in the Settlement Agreement.  Honda may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Class Counsel approves all changes and formatting. Honda shall be responsible for dissemination of the Class Notice in the manner stated above, and pursuant to the terms of the Settlement Agreement. The Class Notice shall be accompanied by the Claim Form.  As set forth in the Settlement Agreement, Honda shall bear the costs associated with providing class notice.

11. Class Counsel's Motion, on behalf of all Plaintiffs' Counsel for attorneys' fees, costs and expenses, and on behalf of the Settlement Class representatives for service awards, as set forth in the Settlement Agreement, shall be filed by Monday, September 9, 2013.

12. Plaintiffs' Motion for Final Approval of Class Action Settlement shall be filed by Monday, September 9, 2013.

3

13. Any Settlement Class Member who objects to any aspect of the settlement may appear in person or by his or her attorney at the Final Settlement Hearing and present evidence or argument provided the Settlement Class Member files with the Court and serves upon Class Counsel and Honda's counsel, by Monday, September 23, 2013, an objection that (a) sets forth his, her or its full name, current address and telephone number; (b) identifies the date of acquisition and Vehicle Identification Number for his, her or its Settlement Class Vehicle; (c) states that the objector has reviewed the Settlement Class definition and understands that he, she or it is a Settlement Class Member; (d) explains the legal and factual bases for any objection; and (e) provides copies of any documents the objector wants the Court to consider. In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he, she or it shall affirmatively so state in the objection. Any Class Member who fails to object in this manner shall be deemed to have waived the right to object and shall be barred from raising their objection in this or any other proceeding.

14. Plaintiffs' and Honda's respective Replies, if any, to any Settlement Class Members' comments or objections shall be filed by Monday, October 7, 2013,

15. A hearing will be held on October 28, 2013 at 10:00 a.m. in Courtroom 780 of this Courthouse before the undersigned, to consider (i) whether the proposed settlement is fair, reasonable, and adequate and should be finally approved; (ii) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Class Members should be bound by the release in the Settlement Agreement; (iv) the amount of Class Counsel Fees and Expenses to be awarded; (v) the amount of any award to the Representative Plaintiffs; and (vi) any

other matter that may be relevant to the settlement ("Final Settlement Hearing"). The foregoing date, time, and place of the Final Settlement Hearing shall be listed in the Notice, but shall be subject to change by the Court without further notice to the Class Members other than that which may be posted at the Court and on the Court's website. The Court reserves the right to approve the settlement at or after the Final Settlement Hearing with such modifications as may be consented to by the Parties and without further notice to the Class.

16. Any Class Member who wishes to be excluded from the settlement must send Honda a letter postmarked by Monday, September 23, 2013, that includes: (a) his, her or its name, current address, and telephone number; (b) the approximate date of acquisition and Vehicle Identification Number for his, her or its Settlement Class Vehicle; and (c) a clear statement communicating that he, she or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered pursuant to the settlement.

17. At least ten days before the Final Settlement Hearing, Honda's Counsel shall cause to be served and filed a sworn statement attesting to compliance with the notice provisions in Section 8 of the Settlement Agreement.

18. The Settlement Agreement and any related negotiations, statements, or proceedings shall not be construed or deemed evidence of an admission by any of the Released Persons or any other person of any fault, liability, or wrongdoing as to any facts or claims asserted in the Action, or that any person has suffered any damage attributable in any manner to any of the Released Persons. The existence of the Settlement Agreement, its contents, and any related negotiations, statements, or proceedings shall not be offered or admitted into evidence or otherwise used by any person for any purpose in the Action or otherwise, except as necessary to enforce or obtain Court approval of the settlement. Notwithstanding the foregoing, any of the Released Persons may file the Settlement Agreement, or any judgment or order of the

Court, in any other action that may be brought against them, to support any defenses or counterclaims based on res judicata, collateral estoppel, release, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

19. The Court may, for good cause, extend any of the deadlines in this Order without notice to members of the Settlement Class.

20. If the Settlement Agreement is terminated, the Settlement Agreement shall be void, except as expressly provided in the Settlement Agreement.

21. If any deadline in this order falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

Dated: April 11, 2013     _____
                           Hon. Margaret M. Morrow
                           U.S. District Court Judge

CH1 7501518v.6